IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | 8:10CV313 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN O'NIEL, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | 8:10CV381 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STEPHEN O'NIEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On January 26, 2011, the court directed Plaintiff to file an amended complaint in Case Number 8:10CV313 that contained all of his claims, including those presented in Case Number 8:10CV381. (Case No. 8:10CV313, Filing No. 47; Case No. 8:10CV381, Filing No. 15.) On January 28, 2011, Plaintiff filed a Motion to Amend Complaint in Case Number 8:10CV313. (Case No. 8:10CV313, Filing No. 49.) This Motion complies with the court's January 26, 2011, Memorandum and Order. Accordingly, Case Numbers 8:10CV313 and 8:10CV381 are consolidated and the court will now conduct an initial review of Plaintiff's Amended Complaint.

## *I. SUMMARY OF AMENDED COMPLAINT*

Plaintiff filed his Amended Complaint against seven individual Defendants: Daryl Stephenson ("Stephenson"), Paul Schaub ("Schaub"), Tom Soontag ("Soontag"), Joel B. Jay ("Jay"), Stephen O'Niel ("O'Niel"), Bill Gibbs ("Gibbs"), and Tylanne Beure ("Beure").[1] (Case No. 8:10CV313, Filing No. 49; *see also* Case Number 8:10CV381, Filing No. 1.) Plaintiff does not specify the capacity in which he sues Defendants Stephenson, Schaub, Soontag, Jay, Gibbs and Beure. However, he sues O'Niel in both his individual and official capacity. (Case No. 8:10CV313, Filing No. 1 at CM/ECF p. 4.)

Condensed and liberally construed, Plaintiff alleges that Stephenson and O'Niel violated his First Amendment rights by authorizing Norfolk Regional Center ("NRC") staff to open and inspect his incoming legal mail. (Case No. 8:10CV313, Filing No. 49 at CM/ECF p. 2; *see also* Case Number 8:10CV381, Filing No. 1 at CM/ECF p. 5.) Plaintiff states that he was not present for these inspections, but also contradicts himself, stating that NRC staff "would read the mail word for word in front of [him]." (Case No. 8:10CV313, Filing No. 49 at CM/ECF p. 2; Case Number 8:10CV381, Filing No. 1 at CM/ECF p. 7.) Plaintiff also alleges that O'Niel authorized his staff to stop Plaintiff from making phone calls to his attorney. (Case No. 8:10CV313, Filing No. 49 at CM/ECF p. 2.)

Separately, Plaintiff alleges that Soontag, Shaub and Jay have reviewed the evidence in this case and refused to take action to prevent Plaintiff's rights from being violated. (Case Number 8:10CV381, Filing No. 1 at CM/ECF p. 6.) Jay is a

---

[1]For the purposes of this Memorandum and Order, the court will consider Plaintiff's amended pleading "as supplemental to, rather than as superseding" his original pleadings. NECivR 15.1.

public defender or appointed counsel from Chappell, Nebraska,[2] and although it is unclear, the court liberally construes Plaintiff's pleadings to allege that Soontag and Shaub are Cheyenne County, Nebraska, attorneys. (Case Number 8:10CV381, Filing No. 1 at CM/ECF p. 6; Case No.8:10CV313, Filing No. 22 at CM/ECF p. 2.) Plaintiff seeks $14 million in monetary damages and $200 million in punitive damages. (Case No. 8:10CV313, Filing No. 49 at CM/ECF p. 2.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North*

---

[2]The court takes judicial notice that Chappell, Nebraska, is located in Deuel County, Nebraska. Therefore, the court will liberally construe Plaintiff's pleadings to allege that Jay is employed by Deuel County, Nebraska.

3

*Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III.  DISCUSSION OF CLAIMS

**A.     Sovereign Immunity**

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity.  *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995).  Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress.  *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only.  *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.").  In addition, a claim against an individual, in his official capacity, is in reality a claim against the entity which employs the official.  *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity . . . .") (quotations omitted).  *Accord*

4

*Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).  As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment.  *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff sues several individual state employees, including O'Niel, Stephenson, Gibbs, and Beure.  (Case No. 8:10CV313, Filing No. 49; *see also*  Case Number 8:10CV381, Filing No. 1.)  Because Plaintiff does not specify the capacity in which he sues Stephenson, Gibbs, and Beure the court assumes Stephenson, Gibbs, and Beure are sued in their official capacities only.  In addition, Plaintiff only seeks monetary relief.  (Case No. 8:10CV313, Filing No. 49 at CM/ECF p. 2.)  In light of these findings, Plaintiff's official capacity claims against O'Niel, Stephenson, Gibbs, and Beure are dismissed.

## B.    Plaintiff's Claims Against Soontag, Shaub and Jay

Liberally construed, Plaintiff alleges that Soontag, Shaub and Jay violated his due process rights because they reviewed the evidence in this case and refused to take action.  (Case Number 8:10CV381, Filing No. 1 at CM/ECF p. 6.)  Soontag and Shaub are Cheyenne County, Nebraska, attorneys and Jay is a Deuel County, Nebraska, public defender.  (*Id*.)  Because Plaintiff does not specify the capacity in which he sues these Defendants, the court assumes that Plaintiff sues Soontag, Shaub and Jay in their official capacities only.  Claims against Soongtag and Shaub in their official capacities are actually claims against their employer, Cheyenne County, Nebraska.  Likewise, claims against Jay in his official capacity are actually claims against his employer, Deuel County, Nebraska.

As municipalities, Cheyenne County and Duel County may only be liable under section 1983 if an official municipal "policy" or "custom" caused a violation of

5

Plaintiff's constitutional rights.  *Doe By & Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy.  *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> To establish the existence of a governmental custom, a plaintiff must prove:
>
> 1)   The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2)   Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3)   That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that Cheyenne County and Deuel County practice any unconstitutional misconduct, that any Cheyenne County or Deuel County policymaking officials authorized any unconstitutional misconduct, or that any unconstitutional custom was the moving force behind his injuries.  Even with the most liberal construction, Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted against Cheyenne County and Deuel County.  In light of this, Plaintiff's claims against Soontag, Shaub and Jay are dismissed.

**C.     Plaintiff's Remaining Claims Against O'Niel**

Because Plaintiff's official capacity claims against O'Niel are barred by the Eleventh Amendment, Plaintiff's only remaining claims are against O'Niel in his individual capacity.  The court will explore these claims in turn.

*1.     Access to Courts Claim*

Plaintiff alleges O'Niel directed his staff to stop Plaintiff from making phone calls to his attorney.  (Case No. 8:10CV313, Filing No. 1 at CM/ECF pp. 4, 10.)  The court liberally construes this allegation to allege a claim against O'Niel for denying Plaintiff meaningful access to the courts, which includes a reasonable opportunity to seek and receive the assistance of attorneys.  *See Procunier v. Martinez*, 416 U.S. 396, 419 (1974), *partially overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989).

To prove a violation of the right of meaningful access to the courts, Plaintiff must establish that Defendant did not provide him with an opportunity to litigate his claim in "a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citation omitted).  "To prove actual injury, [Plaintiff] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id*. (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

Here, Plaintiff has not alleged sufficient facts to demonstrate that O'Niel frustrated or impeded his ability to bring a nonfrivolous and arguably meritorious underlying legal claim.  Indeed, Plaintiff has filed this lawsuit and many others in this court.  (*See, e.g.,* Case Nos. 8:11CV60, 8:10CV382, 8:10CV138, 8:10CV137, 8:10CV136, 8:10CV118, 8:10CV112, 8:10CV104, 8:10CV89, 8:10CV88, 8:10CV45

7

and 8:10CV44.)  Thus, Plaintiff's access to courts claim against O'Niel fails to state a claim upon which relief may be granted and must be dismissed.

     2.    *First Amendment Claim*

     Plaintiff also alleges that O'Niel violated his First Amendment rights by authorizing staff to open and inspect his incoming legal mail. (Case No. 8:10CV313, Filing No. 49 at CM/ECF p. 2; *see also* Case Number 8:10CV381, Filing No. 1 at CM/ECF p. 5.)  Although involuntarily committed individuals do not forfeit their First Amendment right to receive incoming mail, that right may be limited by institutional regulations that are reasonably related to a legitimate penological or institutional interest.  *Turner v. Safley*, 482 U.S. 78 (1987).  Indeed, "[t]he governmental interests in running a state mental hospital are similar in material aspects to that of running a prison.  Administrators have a vital interest in ensuring the safety of their staff, other patients, and of course in ensuring the patients' own safety."  *Morgan v. Rabun*, 128 F.3d 694, 697 (8th Cir. 1997); *see also Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004) (although involuntarily committed patient of state hospital is not prisoner per se, his confinement is subject to same safety and security concerns as that of prisoner).  The Supreme Court has held that prison officials may inspect, but not read, mail from an attorney in the presence of an inmate. *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974); *Beese v. Liebe*, 51 Fed. App'x 979, 981 (7th Cir. 2002) (concluding that prison officials may inspect, but not read, a prisoner's legal mail).

     Here, Plaintiff alleges that O'Niel authorized NRC staff to inspect his incoming mail.  (Case No. 8:10CV313, Filing No. 1 at CM/ECF p. 4.)  Acting under this authorization, NRC staff read Plaintiff's legal mail "word for word," in his presence, before giving it to him.  (Case No. 8:10CV313, Filing No. 49 at CM/ECF p. 2; Case Number 8:10CV381, Filing No. 1 at CM/ECF p. 7.)  Liberally construed, Plaintiff has

8

alleged sufficient facts to state a First Amendment claim upon which relief may be granted against O'Niel.

## D.    Motion to Appoint Counsel

Also pending is Plaintiff's Motion to Appoint Counsel. (Case No. 8:10CV313, Filing No. 48.)  The court cannot routinely appoint counsel in civil cases.  In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . .  The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ."  *Id.* (quotation and citation omitted).  No such benefit is apparent here.  Plaintiff's request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Motion to Amend (case no. 8:10CV313, filing no. 49) is granted.  In accordance with the court's January 26, 2011, Memorandum and Order, Case Numbers 8:10CV313 and 8:10CV381 are consolidated.

2.    Because the claims alleged in Case Number 8:10CV381 are now contained in Case Number 8:10CV313, Case Number 8:10CV381 is closed.  The Clerk of the court is directed to transfer the Defendants from Case Number 8:10CV381 to Case No. 8:10CV313 and close Case Number 8:10CV381.

3.    The Clerk of the court is directed to apply the portion of the filing fee paid in Case Number 8:10CV381 to Case Number 8:10CV313.

4.    All further pleadings shall be filed in Case Number 8:10CV313.

5.      Plaintiff's claims against Stephenson, Schaub, Soontag, Jay, Gibbs and Beure and Plaintiff's official capacity claims against O'Niel are dismissed.

6.      Plaintiff's access to court claim against O'Niel in his individual capacity is dismissed.

7.      Plaintiff's First Amendment claim against O'Niel in his individual capacity may proceed.

8.      Plaintiff's Motion to Appoint Counsel (case no. 8:10CV313, filing no. 48) is denied without prejudice to reassertion.

9.      Plaintiff's Motion to Deny Defendant's Motions (case no. 8:10CV313, filing no. 50) and Motion for Default (case no. 8:10CV313, filing no. 51) are denied.

DATED this 13th day of April, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.